CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

3/15/2018

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JAMES B. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:17-cv-00012 |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff James B. Johnson, proceeding *pro se*, brings this action seeking medical costs and compensatory damages for defendants' alleged negligence. This matter is before the court on two motions: 1) defendant Hope Village, Inc.'s motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), and 2) the United States' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment. Roseboro notices were issued on April 3, 2017, and October 24, 2017. Johnson filed responses to both defendants' pleadings without attaching any counter-affidavits or other evidence. The parties have agreed that a hearing is not necessary. Because the court construes the complaint to include a second negligence claim that neither defendant has addressed, however, the court will treat both defendants' motions to dismiss as partial motions to dismiss and will grant both partial motions as to plaintiff's slip-and-fall claim. However, the court will not dismiss the complaint as a whole, and the parties are to submit further briefing as set out in the accompanying order.

I.  BACKGROUND

In 2013,[1] while in the custody of the United States Marshals Service, Johnson was transported to a court hearing in Lynchburg, Virginia. Upon arriving, Johnson, who was in a five-point restraint, attempted to walk backwards out of the transport van and step down onto a narrow step. Johnson alleges that the marshals failed to supervise and assist his descent from the van, and he fell, injuring his right knee.

In February 2016, Johnson was in the custody of the Federal Bureau of Prisons (BOP) at Hope Village, a halfway house located in the District of Columbia. There, Johnson "slipped on wet steps and injured his right knee." (Compl. ¶ 8.) He notified his case manager and his social worker at Hope Village, who instructed Johnson to receive medical treatment, for which BOP would pay, at Unity Healthcare. Dr. Amy Morgan evaluated Johnson, ordered an MRI, and determined (before the MRI was conducted) that he needed surgery.

"Given the delay by the Defendants" (*id.* ¶ 13), the MRI was not conducted until May 3, 2016, the day of Johnson's release from Hope Village. Shortly thereafter, Dr. Morgan called Johnson to confirm that surgery was required. Dr. Morgan "offered that, had [Johnson] not been released, she would have made a formal request to the Defendants for surgery." (*Id.* ¶ 14.) Johnson wrote letters to Hope Village and to BOP requesting help with securing surgery. After receiving no response, Johnson filed a Federal Tort Claims Act (FTCA) claim, which BOP denied. Johnson asserts that he continues to suffer pain on a daily basis.

Liberally construing Johnson's complaint leads the court to conclude that Johnson is potentially asserting two different negligence claims. First, the complaint clearly alleges

---

[1] The court takes these facts, which it assumes to be true, from plaintiff's complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Because the complaint does not state the date of plaintiff's first knee injury, however, the court takes this date from plaintiff's affidavit, attached to the complaint. (Dkt. No. 3-5); *see Goines v. Valley Cmty. Serv. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider documents attached to the complaint without converting motion to dismiss to motion for summary judgment).

negligence with regard to his slip and fall on wet stairs at Hope Village in February 2016. The defendants have construed his complaint as raising only that claim. But Johnson's complaint also appears to allege a second negligence claim due to the delay in his receiving medical care. Understandably, neither Hope Village nor the United States construed the complaint as broadly as the court, and so neither has addressed that claim in their filings. Nevertheless, the court believes that it must treat the complaint as containing both claims. Thus, the court will treat both motions as partial motions to dismiss, addressing only the slip-and-fall claim.

II. DISCUSSION

**A. Hope Village's Motion to Dismiss**

Hope Village moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**1. Standard of review**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, *i.e.*, the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In determining whether the plaintiff has met this plausibility standard, the court must accept as true all well-pleaded facts in the complaint and any documents incorporated into or attached to it. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Further, it must "draw[] all reasonable factual inferences from those facts in the

3

plaintiff's favor," *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), but it "need not accept legal conclusions couched as facts or 'unwarranted inferences, unreasonable conclusions, or arguments,'" *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Although the court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276.

**2. Johnson fails to state a claim for negligence as to his slip and fall.**

The complaint contains one count: negligence. Since this court's jurisdiction with respect to Hope Village is based upon diversity, the choice-of-law rules of the forum state, Virginia, must apply. *See ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 49 n.11 (4th Cir. 1983), *cert. denied*, 469 U.S. 1215 (1985)). Under Virginia's choice-of-law principles, tort claims are governed by the law of the state where the alleged harm occurred. *Vicente v. Obenauer*, 736 F. Supp. 679, 690 (E.D. Va. 1990); *see also Jones v. R. S. Jones & Assoc.*, 246 S.E.2d 33, 34 (Va. 1993). As stated above, Johnson slipped and fell at Hope Village, which is located in the District of Columbia. Thus, the court applies the District of Columbia's substantive law.

In order to state a negligence claim in the District of Columbia, a plaintiff must allege that 1) the defendant owed him a duty of care, 2) the defendant breached that duty, and 3) the

4

breach proximately caused his injury. *See Stewart-Veal v. Dist. of Columbia*, 896 A.2d 232, 235 (D.C. 2006). Generally, the applicable standard for determining whether parties have exercised the proper level of care is reasonable care under all of the circumstances. *Youssef v. 3636 Corp.*, 777 A.2d 787, 792 (D.C. 2001). Thus, in premises liability cases, a plaintiff must allege actual or constructive notice on the part of the defendant. *See, e.g.*, *Cosio v. Dist. of Columbia*, 940 A.2d 1009, 1011 (D.C. 2008) (reasoning that plaintiff alleging negligence sufficiently established that defendant had notice of condition of prison area, where plaintiff slipped and fell, through affidavits asserting that water had accumulated for weeks); *Howard v. Safety Stores, Inc.*, 263 A.2d 656, 657 (D.C. 1970) (affirming judgment notwithstanding verdict for defendant where plaintiff, who slipped on string bean, failed to establish that defendant caused string bean to fall on the floor, had knowledge of its presence there, or had allowed it to remain there).

Here, the complaint alleges that Johnson "slipped on wet steps and injured his right knee," and that his fall "resulted from negligence by the Defendants to ensure against slippery and hazardous conditions." (Compl. ¶ 8.) Utterly absent from the complaint are any factual allegations that would support Johnson's conclusory assertion that Hope Village breached its duty of care with respect to the wet steps. For example, the complaint fails to allege any facts whatsoever as to the cause or location of the wet steps, how long the steps had been wet, whether Hope Village knew or should have known that they were wet, or whether Hope Village had taken steps to remedy or warn against the wet steps. *See Cosio*, 940 A.2d at 1010 (reversing dismissal of negligence claim where complaint "alleged the presence of an ongoing hazardous condition that [defendant] knew or should have known about yet failed to remedy or at least warn against"). The court cannot speculate as to facts not contained within the complaint where the complaint alleges no "more than labels and conclusions." *See Bell Atlantic*, 550 U.S. at 555.

5

Accordingly, the court will grant Hope Village's motion to dismiss the negligence claim to the extent that it centers on Hope Village's acts or omissions regarding the slip-and-fall claim, but it will give Johnson an opportunity to amend his complaint, if he so desires, within 15 days from the entry of this memorandum opinion and accompanying order.

**B. The United States' Motion to Dismiss, or in the Alternative, for Summary Judgment**

The United States moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment, because it argues that Johnson's claims against it are barred by the independent contractor exception to the FTCA.

**1. Standard of review**

With respect to Johnson's claim for negligence as to his slip and fall, the court considers the United States' motion under Rule 12(b)(1) because, "[i]f the persons in question were independent contractors and not government employees, then the government has not waived its immunity and is not subject to suit in this court" based on the contractors' conduct. *Kramer v. United States*, 843 F. Supp. 1066, 1068 (E.D. Va. 1994); *see also Williams v. United States*, 50 F.3d 299, 304–05 (4th Cir. 1995) (holding that, in ruling on applicability of FTCA's discretionary function exception, "the district court should have dismissed the suit for want of jurisdiction under Rule 12(b)(1)" rather than "granting summary judgment pursuant to Rule 56(c)" and discussing the distinct procedural implications associated with the application of the two rules). As noted above, the parties have agreed that no hearing is required and submitted the issue for a decision based on the briefing and exhibits. Even though the court considers the motion under Rule 12(b)(1) as to the slip-and-fall claim, it afforded Johnson the opportunity to submit counter-affidavits or other relevant evidence contradicting or explaining the United States' evidence. (Dkt. Nos. 14, 33.)

A motion to dismiss under Rule 12(b)(1) tests the court's subject-matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).[2] It must, however, "view[ ] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

2. **The court lacks subject-matter jurisdiction over Johnson's claim against the United States for negligence as to his slip and fall.**

The complaint asserts that "[t]his action is being brought pursuant to the Federal Tort Claims Act (FTCA)." (Compl. ¶ 1.) The FTCA provides "a limited waiver of sovereign immunity, making the Federal Government[3] liable to the same extent as a private party for

---

[2] To its motion to dismiss, the United States has attached as Exhibit 1 the declaration of Sharon Wahl, a paralegal at Beckley Consolidated Legal Center; Johnson's inmate data form; Johnson's medical records; BOP's denial of Johnson's FTCA claim because Hope Village staff "are contractors"; Johnson's letter requesting reconsideration as to BOP's denial; BOP's letter affirming denial; Johnson's follow-up letter; and Johnson's affidavit. The United States has also attached as Exhibit 2 the declaration of Pierre Leconte, BOP's contract oversight specialist, and a printout from part of Hope Village's website, listing its BOP contract number and expiration date.

[3] The United States argues that it alone, and not BOP, may be properly named in this FTCA action. The court agrees. *See* 28 U.S.C. § 2679; *Hornes v. United States*, No. 3:06-cv-57, 2007 WL 1983853, at *1 n.3 ("[A] federal agency, like the Bureau of Prisons, cannot be sued under the FTCA, and again, the only proper party defendant in this case is the United States of America."). The court thus substitutes the United States as the sole defendant for those alleged acts or omissions of BOP.

certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

The plain language of the FTCA precludes imputing liability for actions of independent contractors. 28 U.S.C. §§ 1346(b)(1), 2671; *Logue v. United States*, 412 U.S. 521, 525–527 (1973). Whether a person is a contractor or a federal employee for purposes of the independent contractor exception is determined under federal law. *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996) (citing *Logue*, 412 U.S. at 528). Interpreting the FTCA, the Supreme Court has made clear that the United States will not be liable for negligent acts of independent contractors unless the United States supervised the "day-to-day operations" of the contractors. *Williams*, 50 F.3d at 306 (internal citations omitted). "Stated differently, a court must consider whether the government exercises day-to-day control over the performance of the work under the contract." *Berkman v. United States*, 957 F.2d 108, 112 (4th Cir. 1992). Establishing standards, supplying financial support, providing advice and oversight, inspecting and approving final work—all in order to ensure that federal funds are not used on unauthorized expenditures—will not give the federal government the "day-to-day control" over contractors necessary for the United States to be held liable for the contractors' actions. *See Orleans*, 425 U.S. at 818. The plaintiff bears the burden of showing a waiver of sovereign immunity and to show that none of the FTCA exceptions applies. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005).

Viewing the evidence in the light most favorable to Johnson, the court concludes that the independent contractor exception applies to immunize the United States from any alleged liability as to Johnson's slip and fall.[4] No allegation or evidence indicates that the United States

---

[4] To the extent that Johnson's claims against the United States could be construed liberally to be based on his injuries while in the custody of the United States Marshals Service in 2013, such claims are barred by the two-year limitation period under 28 U.S.C. § 2401(b).

exercised day-to-day control over Hope Village employees. To the contrary, BOP's contract oversight specialist asserted in his affidavit that BOP "does not exercise day-to-day control over the performance of the work under the contract" with Hope Village and that BOP "does not manage or supervise Hope Village Inc., employees." (Dkt. No. 32, Ex. 2.)

Johnson does not refute these assertions. Rather, he appears to concede the point in his response to the United States' motion to dismiss, which argues that "Hope Village, an independent contractor . . . must provide [medical] treatment." (Pl.'s Resp. 2, Dkt. No. 40.) Indeed, the United States District Court for the District of Columbia has concluded that it is "clear and uncontroverted" that "Hope Village is an independent contractor with the BOP." *Phillips v. Fed. Bureau of Prisons*, 271 F. Supp. 2d 97, 101 (D.D.C. 2003) (dismissing FTCA claim because of independent contractor exception and noting that BOP "does not involve itself with the day-to-day business of Hope Village and keeps a distance from the 'halfway' house"). *See also Bailor v. Salvation Army*, 51 F.3d 678, 685 (7th Cir. 1995) (holding that United States was immune from FTCA claim because Salvation Army halfway house was "clearly a contractor, not an employee of the United States"); *Tilga v. United States*, No. 14-cv-256, 2015 WL 12661930, at *2–3 (D.N.M. June 12, 2015) (noting that status of Dismas Charities' halfway house as an independent contractor of the United States was an undisputed material fact). The independent contractor exception applies to Johnson's claim against the United States for negligence as to his slip and fall, and this claim must be dismissed for lack of jurisdiction.

**C. The Court Will Allow Both Defendants to Respond to the Liberally-construed Claim for Negligent Delay in Providing Medical Care.**

As already noted, Johnson's complaint also alleges that "the delay by the Defendants" resulted in his MRI not being taken until the day of his release from Hope Village (*id.* ¶ 13) in May 2016, and so the court liberally construes the complaint to include a claim for negligent

9

delay in providing medical treatment. *See Gordon*, 574 F.2d at 1151 (noting that courts should liberally construe *pro se* complaints). Because the defendants did not construe the complaint as broadly as the court, they have not yet responded to this claim. Thus, the court will allow Hope Village and the United States to respond to the amended complaint, or if no amended complaint is filed, to the complaint as construed, within 15 days from the expiration of plaintiff's deadline to amend the complaint.

## III. CONCLUSION

For the foregoing reasons, the court will treat both defendants' motions to dismiss as partial motions to dismiss and will grant both partial motions as to plaintiff's slip-and-fall claim. The parties are to submit further briefing as set out in the accompanying order.

Entered: March 15, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge